# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6645 | **DATE** | March 5, 2008 |
| **CASE TITLE** | Eric Ware R-32516 v. Chicago Police Department, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The initial partial filing fee is waived. The Court orders the trust fund officer at Plaintiff's current place of incarceration to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Lawrence Correctional Center. The Court dismisses the complaint without prejudice. Plaintiff is given 30 days to submit an amended complaint or the Court shall dismiss this case. The Clerk shall send Plaintiff one copy of the amended civil rights complaint form, instructions for filing, and a copy of this order. The dismissals of Plaintiff's first and fourth claims count as two of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

　　Plaintiff, a prisoner confined at Lawrence Correctional Center, seeks to bring this suit *in forma pauperis*. Finding that he is unable to prepay the filing fee, the Court grants the motion. According to the statement submitted with his *in forma pauperis* application, Plaintiff owes the institution $185.24 and has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

　　Plaintiff brings this complaint against eight defendants making a number of claims. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Court of Appeals examined a complaint brought by a prisoner asserting 50 claims against 24 defendants. The appellate court held that these should have been brought as separate actions because the defendants did not participate in the same transaction or series of transactions and a question of fact was not common to all defendants. *Id.* at 607. *George* also reiterated the holding in *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004), that "when *any claim* in a complaint or appeal is 'frivolous, malicious, or fails to state a claim upon which relief may be granted'" a strike is incurred. *Id.* at 607-08.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

In the instant complaint, Plaintiff has also brought unrelated claims against unrelated defendants.

First, Plaintiff alleges that the Chicago Police Department refused to allow him to file a police report or complaint against an individual who allegedly forged, stole, and cashed his checks. A private individual does not have the right to force the police to charge someone with a crime. *Lunini v. Grayeb,* 395 F.3d 761, 772 (7th Cir. 2005). In addition, a police department is not a suable entity. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *Gray v. City of Chicago*, 159 F. Supp.2d 1086, 1089 (N.D. Ill. 2001). This claim and the Chicago Police Department are dismissed from this action. In addition, this counts as a strike. *George*, 507 F.3d at 607-08; *Boriboune*, 391 F.3d at 855.

Second, Plaintiff alleges that Dorothy Brown, the Clerk of the Circuit Court of Cook County, refused to file his motion for expedited child support, forcible entry and detainer, change of name petition, and a civil complaint against Bank One. Whether or not Plaintiff is being denied access to the courts cannot be determined on this conclusory statement. The Court will therefore allow Plaintiff to amend as to this count. The Court observes that although plaintiffs need not plead facts, *see Erickson v. Pardus*, 550 U.S. __, 127 S.Ct. 2197, (2007), they must give enough detail to illuminate the nature of the claim and allow defendants to respond. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S.Ct. 1955 (2007). Plaintiff therefore should give a little more detail about the types of motions and cases he was not allowed to file.

Plaintiff also claims that the Cook County Clerk's Office refused to file his motion for expedited child support, forcible entry and detainer, change of name petition, and a civil complaint against Bank One. In Illinois, it is settled law that the General Assembly "create[s] an office or position to be filled by one person [It does] not create a governmental entity or agency having an existence separate from the person who fills it." *Clay v. Friedman*, 541 F.Supp. 500, 503 (N.D.Ill.1982); *see also Woidtke v. County of St. Clair*, 2002 WL 31553528, at *3 (S.D.Ill. Nov. 8, 2002). The Cook County Clerk's Office, operated by David Orr, the Cook County Clerk, lacks a separate and independent existence from its governing elected official and, thus, is a non-suable entity. Because Plaintiff is *pro se*, he may have meant the Circuit Court of Cook County instead of the Cook County Clerk's Office. However, the Circuit Court of Cook County is also a non-suable entity. *See Harris v. Circuit Court of Cook County, Chicago, Ill.*, 1996 WL 145907 (N.D. Ill.) (Shadur, J.). The Cook County Clerk's Office is accordingly dismissed from this action.

Third, Plaintiff alleges that Tom Dart, the Sheriff of Cook County, and the Cook County Sheriff's Department refuse to summon an individual in a civil case in the Cook County Circuit Court. This could constitute a claim of interference with Plaintiff's right of access to the courts. However, this claim appears to relate to a case that is already pending in the Cook County Circuit Court and therefore is separate from Plaintiff's prior claim that Dorothy Brown has refused to file his motions and cases. If Plaintiff wishes to pursue this claim, he must file a new law suit. *See George*, 507 F.3d at 607. If Plaintiff chooses to pursue this claim in another action, he should identify the case pending in the circuit court in which the sheriff is refusing to summon the defendant or defendants.

Fourth, Plaintiff alleges that the Cook County State's Attorney's Office refuses to investigate his claim of a forged or stolen check. The Constitution is a charter of negative liberties; it "does not require the states to prosecute persons accused of wrongdoing." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). The State's Attorney is therefore not under any constitutional obligation to investigate or to press charges in regard to Plaintiff's claim of a forged or stolen check. This claim and the Cook County State's attorney's Office are accordingly dismissed for failure to state a claim. In addition, this counts as a strike. *George*, 507 F.3d at 607-08; *Boriboune*, 391 F.3d at 855.

Fifth, Plaintiff alleges that the Cook County Public Defender's Office refuses to give him his warehoused discovery material, which he needs as a *pro se* litigant in criminal court. This claim may also state a claim of denial of access to the courts. This claim also is not connected to Plaintiff's other claims. If he wishes to pursue this claim, then he must file a separate law suit. *See George*, 507 F.3d at 607.

Sixth, Plaintiff alleges that the Illinois General Assembly fails to abrogate Public Acts 87-1005, 84-1450, and 83-1067. This claim is wholly unrelated to Plaintiff's claim that Dorothy Brown, the Clerk of the Circuit Court of Cook County, refused to file his motion for expedited child support, forcible entry and detainer, change of name petition, and a civil complaint against Bank One. If Plaintiff wishes to pursue this claim, he must a new law suit. *See George*, 507 F.3d at 607.

The Court accordingly dismisses the complaint without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint in regard to his claim that Dorothy Brown, the Clerk of the Circuit Court of Cook County, refused to file his motion for expedited child support, forcible entry and detainer, change of name petition, and a civil complaint against Bank One. He must use the forms required by Local Rule 81.1 of this court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent. If Plaintiff does not timely comply with this order, this case shall be dismissed. However, Plaintiff will still be responsible for paying the filing fee.