```
              IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
                                          )
ERIC WARE (R-32516),                      )
                      PLAINTIFF           )
                                          )
        V.                                ) No. 07-C-6645
                                          )
CHICAGO POLICE DEPARTMENT-et-al,          ) HON. JAMES F. HOLDERMAN
                                          )
                      DEFENDANTS          )
```

**FILED** MAR 2 0 2008
3-20-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### PLAINTIFF'S MOTION FOR RECONSIDERATION

Now come the Plaintiff, Eric Ware, pro-se, and respectfully requests that this Honorable Court will Reconsider its March 5th, 2008 order which gave the Plaintiff a strike under 28 U.S.C. § 1915(g), pursuant to Federal Rule of Civil Procedure 59, and states as follows:

1. The Plaintiff filed suit against several individuals. This Honorable Court dismissed many of them and gave Plaintiff a strike for claims #1 and #4 for a failure to state a claim for which relief could be granted.

2. The Plaintiff claims that this Court's reccommendation of allowing him a strike is erroneous when conclusions are drawn from the Seventh Circuits Court of Appeals descision in BORIBOUNE V. BERGE, 391 F.3d 852 (7th cir. 2004).

3. Our United States Supreme Court recently struke down regulations of the Sixth Circuit Court of Appeals on similar grounds as the 7th Circuit in the case cited above.

4. Our United States Congress mandated in 28 U.S.C. § 1915(g), that if an inmate filed 3 actions under this section and they are found to be frivolous, malicious, or fails to state a claim upon which relief may be granted and the Court dismisses the action the inmate will be given a strike, emphasis omitted.

(1)

5. 28 U.S.C. § 1915(g), does not state that if an inmate files a bad claim that he will receive a strike for the dismissal of that claim and receive a strike, it states that if the **[ACTION]** is dismissed an inmate will receive a strike.

6. Our United States Supreme Court has said, Courts should generally not depart from the Federal Rules usual practice based on perceived policy concerns, see, LEATHERMAN V. TARRANT COUNTY NARCARTICS INTELLIGENCE AND CORDINATION UNIT, 113 S.ct. 1160 (1993).

7. The Sixth Circuit had devised a plan for inmate's exhaustion of remedies under the [PLRA], and mandated that they show or prove exhaustion, the Supreme Court held that that Court's regulations was a departure from the intent of Congress, see, JONES V. BOCK, 127 S.ct. 910 (2007).

8. The Key in Plaintiff's argument in this case are the words, **claim and action**. The Supreme Court has stated that when a Court Amends the Federal Rules, its out of its Judicial character and function, **LEATHERMAN**. Specific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not as a general rule, through case by case determinations of the Federal Courts, HILL V. McDONOUGH, 126 S.ct. 2096 (2006).

9. The judge must not read in by way of creation, but instead abide by the duty of restraint, the humility of function as merely the translator of anothers command, U.S. V. GOLDENBERG, 18 S.ct. 3 (1897). The Plaintiff's entire suit was not insufficient, he had two claims that were, and as a general matter, if complaint contains both good and bad claims the court proceeds with the good and leaves the bad, only the bad claims are dismissed; the complaint as a whole is not, **JONES V. BOCK**.

(2)

10. If Congress meant to depart from this norm, we would expect some indication of that, and we find none, quoting, ROBISON V. PAGE 170 F.3d 747 (7th Cir. 1999).

11. The supreme Court said in BOCK, Respondents reading of 42 U.S.C. § 1997(e)(a) to contain a total exhaustion rule bolstered by the fact that other sections of the [PLRA] distinguish between **actions and claims**; e.g., Sec. 1997(e)(c)(1) provides that a court shall dismiss an **action** for one of four enumerated deficiencies, WHILE § 1997(e)(c)(2) allows the court to dismiss a claim for one of three reasons without first determining whether the claim is exhausted. Similarly, 28 U.S.C. 1915(b) directs the court to dismiss the complaint or any portion of the complaint before docketing under certain circumstances. This demonstrates that Congress knew how to differentiate between the **[ENTIRE ACTION AND PARTICULAR CLAIMS]** when it wanted to, and suggests that its use of **ACTION** RATHER THAN **CLAIM** in 42 U.S.C. § 1997(e)(a) should be given effect, quoting, JONE V. BOCK, 127 S.ct. 910 (2007).

12. The Plaintiff respectfully states that this Honorable Court has a duty to abide by the decisions of the United states Supreme Court, and the Seventh Circuit Court of Appeals has no jurisdiction to overide the decisions of the highest Court of our Nation.

WHEREFORE, the Plaintiff prays that this Honorable Court will reconsider its Decision in part in light of **JONES V. BOCK**, and withdraw its decision to give Plaintiff a Strike.

RESPECTFULLY SUBMITTED

*Eric Ware*
ERIC WARE R-32516
3/14/08

(3)