# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6645 | **DATE** | April 22, 2008 |
| **CASE TITLE** | Eric Ware (R-32516) v. Dorothy Brown | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for reconsideration [7] is denied. Plaintiff is granted leave to file his amended complaint [8]. The Clerk shall issue summons and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. The Clerk is directed to change the caption of this case to "Ware v. Brown."

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Plaintiff Eric Ware asks this Court to reconsider its order of March 5, 2008, finding that claims #1 and #4 in his original complaint constituted strikes under 28 U.S.C. §1915(g). Citing the Supreme Court's decision in *Jones v. Bock*, 127 S.Ct. 910 (2007), he argues that assessing a strike for each bad claim in a complaint rather than on the action as a whole departs from the intent of § 1915(g). In *Jones*, the Supreme Court held that the Sixth Circuit's procedural rules requiring, *inter alia*, that an entire action be dismissed if a prisoner failed to satisfy the exhaustion requirement as to any single claim, exceeded the bounds of the PLRA. Although Plaintiff's position is compelling, the *Jones* decision dealt with the exhaustion requirement, not a determination as to whether individual claims should be counted as strikes. This Court is bound by Seventh Circuit precedent, and as noted in this Court March 5, 2008, order, *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), reiterated the holding in *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004), that "when *any claim* in a complaint or appeal is 'frivolous, malicious, or fails to state a claim upon which relief may be granted'" a strike is incurred. *Id.* at 607-08. Plaintiff's motion to reconsider is accordingly denied.

    Plaintiff submitted his amended complaint naming Dorothy Brown in accordance with the Court's order of March 5, 2008. He is granted leave to file his amended complaint. Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to defendant or, if represented by counsel, to counsel for defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. The United States Marshals Service is appointed to serve defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendant. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|